```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

InBev USA LLC,

       Plaintiff,                          Case No. 2:05-cv-00298

v.                                            JUDGE GRAHAM

Hill Distributing Company. et al.,

       Defendants.

### ORDER

On April 3, 2006, this Court granted Defendant Hill Distributing Company's ("Hill") motion for partial summary judgment (Document 47) and Defendants R.L. Lipton Distributing Company's ("Lipton") and Tri-County Distributing Company's ("Tri-County") joint summary judgment motion (Document 50) on their claims seeking a declaration that Plaintiff InBev USA LLC's ("InBev") termination of their respective franchise agreements would violate Ohio's Alcohol Beverages Franchise Act, Oh. Rev. Code § 1333.82 et seq., (the "Franchise Act") (Document 56).  This Court found that Defendants are entitled to injunctive relief prohibiting the termination of their franchise agreements.

This Court denied Defendants' motions for summary judgment on their breach of contract counterclaims on the basis that a breach had yet to occur, rendering the claims premature.  The Court also denied Lipton and Tri-County's joint motion for summary judgement on their breach of the duty of good faith allegation, finding that they presented no evidence that InBev coerced or intimidated them such that InBev breached the duty of good faith within the meaning of the Franchise Act.  Finally, this Court denied Lipton and Tri-

County's joint motion for leave to amend their counterclaims. Thus, Defendants breach of contract claims and Lipton and Tri-County's breach of the duty of good faith claims remained pending, as InBev had not moved for summary judgment on those claims.

This Court ordered the parties to brief three outstanding issues: (1) the adoption of the restraining order issued March 31, 2005, (Document 11) as a permanent injunction; (2) the status of Defendants' breach of contract claims; and (3) the status of Lipton and Tri-County's breach of the duty of good faith claims. The parties have filed their briefs regarding these issues and they will be discussed in turn.

The parties have approved and submitted a proposed permanent injunction. This Court entered the parties' proposed permanent injunction on or about July 17, 2006 (Document 60).

InBev has moved this Court for leave to file a motion for summary judgment on Defendants' breach of contract claims and Lipton and Tri-County's breach of the duty of good faith claims (Document 59). In seeking leave to file this motion, InBev states it has not acted in bad faith or with dilatory motive.

Hill seeks the leave of this Court pursuant to Fed. R. Civ. P. 41(a)(2) to dismiss its breach of contract claim, having unsuccessfully sought InBev's stipulation of the dismissal without prejudice (Document 58). As InBev "has indicated that it will appeal the April 3, 2006 Opinion and Order of this Court, Hill seeks to preserve whatever rights it may have in its breach of contract claim if InBev is successful on any such appeal." (Br. by Def. Hill Regarding Status of Breach of Contract Claim and Mot. for Dismissal of Claim without Prejudice 1.)

Lipton and Tri-County similarly seek leave of this Court to dismiss their breach of the duty of good faith claims without prejudice under Fed. R. Civ. P. 41(a)(2) (Document 57). Lipton and Tri-County have "no current intention to prosecute the breach of the duty of good faith claim, but [ ] do want to preserve their right to litigate this claim if InBev were to prevail in any possible appeal of this Court's ruling on the statutory claim." (Defs.' Tri-County and Lipton Mem. Concerning Breach of Contract and Breach of the Duty of Good Faith Claims 2.) Lipton and Tri-County also noted that if InBev pursues an appeal and the injunctive relief granted by this Court is ultimately reversed, "a breach of contract resulting from InBev's attempt to terminate the distributor contract may yet occur." (Defs.' Tri-County and Lipton Mem. Concerning Claims 2.)

Additionally, Defendants Tri-County and Lipton assert they are entitled to an award of attorneys' fees, costs, and disbursements as the prevailing party on their declaratory judgment claim under Section 19.0 of the contact between Labatt USA LLC and Lipton dated October 1, 1999 (Document 57). Lipton and Tri-County note that "[i]dentical language is found in the Tri-County contract." (Defs.' Tri-County and Lipton Mem. Concerning Claims 2 n.1.) Lipton and Tri-County state "[a]n attempt will be made forthwith to stipulate to the amount of these recoverable costs. Defendants anticipate prompt submission of a motion for summary judgment under Section 19.0 of the Contract if the parties cannot resolve this issue without further involvement of the Court." (Defs.' Tri-County and Lipton Mem. Concerning Claims 2-3.) Hill is not a party to the motion for attorney's fees. To date, the Court has neither

received notice of a stipulation to the amount of fees, costs, and disbursements recoverable, nor have Lipton and Tri-County moved for summary judgment on this issue.

After considering the briefs and motions of all parties and in light of the Court's previous rulings in this matter, the Court hereby GRANTS InBev's motion for leave to file a motion for summary judgment on Defendants breach of contract claims and Tri-County and Lipton's breach of the duty of good faith claims (Document 59). InBev shall file its motion by or on Monday, August 14, 2006. Defendants shall file any opposing memoranda by or on Tuesday, September 5, 2006. InBev must file any reply brief in support of its motion by or on Friday, September 15, 2006.

This Court accordingly DENIES Defendants respective motions for leave to dismiss their breach of contract and breach of the duty of good faith claims without prejudice (Document 57; Document 58).

Finally, this Court GRANTS Lipton and Tri-County leave to submit a motion for summary judgment (Document 57) on the issue of liability for the attorneys' fees, costs, and disbursements under their respective contracts with InBev according to the same briefing schedule stated above, namely motions due by August 14, opposing memoranda due by September 5, and reply briefs due by September 15.

It is so ORDERED.

                                              s/ James L. Graham
                                              JAMES L. GRAHAM
                                              United States District Judge

DATE: July 17, 2006